IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
TENNESSEE WESTERN DIVISION

---

KIM BROWN,

    Plaintiff,

vs.
                        No. 2:15-cv-2167-SHM-dkv

BURCH, PORTER & JOHNSON PLLC
LAW FIRM, TANNERA GEORGE
GIBSON, MEMPHIS CITY SCHOOLS,
BOARD OF EDUCATION OF SHELBY
COUNTY SCHOOLS, VALERIE
SPEAKMAN, JENNIFER COLLINS,
CELCIA BARNES, TOMEKA ALLEN,
CHERYL RUMAGE ESTES, KENNETH
M. WALKER, AND LEWIS THOMASON
LAW FIRM, PLLC.,

    Defendants.

---

REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTIONS TO DISMISS
and
ORDER DENYING BROWN'S MOTION FOR LEAVE TO AMEND COMPLAINT
and
ORDER DENYING BROWN'S MOTION TO ATTACH DVD OF BROWN
TEACHING TO THE PROPOSED AMENDED COMPLAINT

---

On March 10, 2015, the plaintiff, Kim Brown ("Brown"),

proceeding *pro se*, filed a complaint against the defendants

Burch, Porter & Johnson PLLC ("Burch Porter"), Tannera George

Gibson ("Gibson"), Memphis City Schools and Board of Education

of Shelby County Schools (collectively "SCBOE").[1] (ECF No. 1.)

---

[1]On July 1, 2013, the former Memphis City Schools system

On March 13, 2015, Brown filed a 26-page amended complaint as a matter of right against the same defendants plus Valerie Speakman ("Speakman"), Jennifer Collins ("Collins"), Celcia Barnes ("Barnes"),[2] Tomeka Allen ("Allen"),[3] Cheryl Rumage Estes, Kenneth M. Walker, and Lewis Thomason, PLLC (collectively "the Defendants").[4] (Am. Compl., ECF No. 10.)The amended complaint sets forth fourteen counts, seeks compensatory damages, punitive damages, and attorney's fees.[5] (*Id.*) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order, 2013-05, Apr. 29, 2103.)

Before the court are two motions to dismiss filed by the

---

and the Shelby County Schools system merged to form one school district, the Shelby County Schools system, the merged system being governed by the Shelby County Board of Education.

[2]Brown misspelled defendant Cecilia Barnes's name in his complaint as "Celcia Barnes." The clerk is directed to amend the style of the case to reflect Ms. Barnes's correct name.

[3]Brown misspelled defendant Tameka Allen's name in his complaint as "Tomeka Allen." The clerk is directed to amend the style of the case to reflect Ms. Allen's correct name.

[4]On March 26, 2015, Brown filed a "Stipulation of Dismissal with Prejudice" as to his claims against defendants Cheryl Rumage Estes, Kenneth M. Walker, and Lewis Thomason, PLLC. (ECF No. 38.) Accordingly, on June 2, 2015, the court dismissed Brown's claims against these defendants. (ECF No. 40.)

[5]Attached to the complaint are 24 pages of exhibits.

Defendants.    On April 3, 2015, defendants Gibson and Burch
Porter filed a motion to dismiss Brown's claims against these
two defendants for failure to state a claim.    (ECF No. 22.)
Brown responded in opposition on May 15, 2015, (ECF No. 36), and
Gibson and Burch Porter replied on March 21, 2015, (ECF No. 37).
On April 13, 2015, defendants SCBOE, Speakman, Collins, Barnes
and Allen (collectively "the SCBOE Defendants"), filed a motion
to dismiss Brown's claims against these defendants under the
doctrine of res judicata and for failure to state a claim.    (ECF
No. 26.)    Brown did not file a response by the May 29, 2015
deadline.

Also before the court is the May 15, 2015 motion of
Brown, pursuant to Rule 15 of the Federal Rules of Civil
Procedure, to amend his amended complaint to add another
defendant, include additional legal arguments, and state
three new claims.    (ECF No. 34.)    The SCBOE Defendants filed a
response in opposition on June 4, 2015, arguing that Brown's
proposed amendment is futile.    (ECF No. 41.)

Also before the court is the May 15, 2015 motion of Brown to
attach a DVD to the proposed amended complaint, depicting Brown
teaching his lessons.    (ECF No. 35.)    The SCBOE Defendants filed
a response in opposition on June 4, 2015.    (ECF No. 42.)

For the reasons that follow, it is recommended that the
Defendants' motions to dismiss be granted and that Brown's claims

be dismissed as to all Defendants.  In addition, Brown's motion to amend his complaint is denied as futile and Brown's motion to attach a DVD of his teaching lessons is denied as moot.

I.   PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of the termination of Brown from his teaching position with SCBOE on March 13, 2013.  (Am. Compl. ¶ 10, ECF No. 10.)   In his complaint, Brown alleges that he "was brought up on tenure charges that he allegedly received a score of 1 out of 5 on his evaluations for 2012-13." (*Id.*)   Brown claims that his Teacher Effectiveness Measure ("TEM") score was fraudulently changed by SCBOE from a 3 to a 1.  (*Id.* ¶ 29.)   At his tenure hearing, Brown rebuffed the score and claimed that he received a score of 3 on his evaluations and that "he was being railroaded by the principal Tomeka Allen who had wanted [Brown] dismissed for her own personal reasons." (*Id.* ¶ 10.)   Brown states that Gibson, the hearing officer, should have known that the TEM score of 1 was false.  (*Id.* ¶ 31.)   Brown states that SCBOE attorneys Collins, Barnes, and Speakman "knowingly produced [the] TEM score of a '1' to sustain Tomeka Allen's [e]rroneous decision to terminate [Brown's] employment."  (*Id.* ¶ 31.)

Brown further alleges that SCBOE recommended Brown for a dismissal because Brown's "students were misbehaving and the lessons were of [] poor quality." (*Id.* ¶ 11.)   Brown asserts that Gibson wrongly refused to take into consideration and admit

4

into evidence a video that Brown took of his teaching lessons. (*Id.* ¶¶ 12-14.) According to Brown, the video shows that the students were not misbehaving and the lessons were not of poor quality. (*Id.* ¶ 13.)

Brown further asserts that Gibson hears many of the teacher tenure cases for SCBOE and therefore, she is not "impartial" within the meaning of Tenn. Code Ann. § 49-5-512. (*Id.* ¶ 15.)

Based on these events, Brown asserts the following causes of action: (1) Legal Malpractice; (2) Defamation/Libel; (3) Negligence; (4) Breach of Fiduciary Duty; (5) Aiding and Abetting; (6) Aiding and Abetting a Breach of Fiduciary Duty; (7) Unjust Enrichment; (8) Negligent Misrepresentation; (9) Violation of Tennessee Teachers' Tenure Act, Tenn. Code Ann. § 49-5-512; (10) Breach of Covenant of Good Faith and Fair Dealing; (11) Fraud; (12) Civil RICO; (13) Civil Conspiracy; and (14) False Light.

Thereafter, on May 15, 2015, Brown filed a motion for leave to amend his complaint to add three new claims: (1) abuse of process; (2) negligence per se; and (3) violation of 42 U.S.C. § 1983. (Brown's Mot. for Leave to File Am. Compl., ECF No. 34.) Brown also seeks leave to amend his complaint to add SCBOE attorney Chantay Branch ("Branch") as a defendant. (*Id.* ¶ 12.) In his proposed amended complaint, Brown also argues that Gibson did not have jurisdiction to hear Brown's case because she had

been hearing tenure cases since 2011, (*Id.* ¶¶ 24-29), and that all of the attorney defendants "acted in their own self-interest," (*Id.* ¶¶ 50-58). The SCBOE Defendants filed a response in opposition on June 4, 2015, arguing that Brown's proposed amendment is futile. (SCBOE Defs.' Resp. to Brown's Mot. for Leave to File Am. Compl., ECF No. 41.)

This is the second of two actions brought by Brown in relation to his termination. On July 31, 2013, Brown filed a 30-page *pro se* complaint against SCBOE in the federal district court for the Western District of Tennessee, docketed as Case No. 2:13-cv-02586-SHM-dkv. *See* Complaint, Brown v. Bd. of Educ. of the Shelby Cnty Sch., No. 2:13-cv-02586-SHM-dkv (W.D. Tenn. July 31, 2013), ECF No. 1. In that suit (hereinafter *Brown 1*), Brown set forth sixteen counts: (1) Title VII retaliation claim; (2) common law whistleblower claim; (3) 42 U.S.C. § 1983 procedural due process claim for a deprivation of a property interest; (4) 42 U.S.C. § 1983 procedural due process claim for a deprivation of a liberty interest; (5) gender discrimination claim; (6) libel; (7) aiding and abetting tort claim; (8) civil conspiracy claim; (9) COBRA claim; (10) negligent supervision claim; (11) negligent training claim; (12) breach of contract claim; (13) fraud claim; (14) breach of implied covenant of good faith and fair dealing claim; (15) violation of Tennessee Teacher Tenure Act, Tenn. Code Ann. § 49-5-512, claim; and (16)

violation of the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304, claim. *Id.* The facts that Brown alleges in the present complaint were also alleged in the *Brown 1* complaint. *See id.*

SCBOE moved for summary judgment in the *Brown 1* case, and, in a 55-page Report and Recommendation dated July 1, 2014, the Magistrate Judge recommended that SCBOE's motion for summary judgment be granted on all claims except for Brown's COBRA claim. *See* R & R on Defendant's Motion for Summary Judgment, Brown v. Bd. of Educ. of the Shelby Cnty Sch., No. 2:13-cv-02586-SHM-dkv (W.D. Tenn. July 1, 2014), ECF No. 59. On September 15, 2014, the district court entered a 42-page order adopting in full the Magistrate Judge's Report and Recommendation and granting the SCBOE summary judgment on all Brown's claims except his COBRA claim. *See* Order Adopting Magistrate Judge's R & R, Brown v. Bd. of Educ. of the Shelby Cnty Sch., No. 2:13-cv-02586-SHM-dkv (W.D. Tenn. Sept. 15, 2014), ECF No. 65; *Brown v. Bd. of Educ. of Shelby Cnty. Sch.*, 47 F. Supp. 3d 665 (W.D. Tenn. 2014). SCBOE addressed Brown's remaining COBRA claim in its second motion for summary judgment, and, on December 22, 2014, the Magistrate Judge issued a Report and Recommendation recommending dismissal of Brown's COBRA claim. *See* R & R on Defendant's Second Motion for Summary Judgment, Brown v. Bd. of Educ. of the Shelby Cnty Sch., No.

2:13-cv-02586-SHM-dkv (W.D. Tenn. Dec. 22, 2014), ECF No. 107. The district court has not acted on the Magistrate Judge's Report and Recommendation on Brown's COBRA claim.

## II. PROPOSED CONCLUSIONS OF LAW ON THE DEFENDANTS' MOTIONS TO DISMISS

### A. Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)(citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is

further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g.*, *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("[A] court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Brown relies on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) as grounds for this court's jurisdiction. (Am. Compl. ¶ 1, ECF No. 10.) Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between
. . . citizens of different States." A federal court has
jurisdiction under § 1332 only if there is "complete diversity
between all plaintiffs and all defendants." *Lincoln Prop. Co.
v. Roche*, 546 U.S. 81, 89 (2005)(citations omitted).

In his complaint, Brown asserts he is a citizen of
Tennessee and that all of the named Defendants are citizens of
Tennessee. (*See* Am. Compl. ¶¶ 2-7, ECF No. 10.) Therefore,
there is no complete diversity between Brown and all Defendants
and the court does not have jurisdiction under 28 U.S.C. § 1332.

As to federal-question jurisdiction, in Count Twelve of his
complaint, Brown claims that the Defendants violated the
Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18
U.S.C. § 1962. This claim is the only federal law violation
that Brown alleges in his complaint, and it is sufficient to
confer federal-question jurisdiction on the court.

B.    Standard of Review for Failure to State a Claim

In assessing whether Brown's complaint states a claim upon
which relief may be granted, the court applies the standards
under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as
stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To
survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a
complaint must "'contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.

11

1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.   Brown's RICO Claim Against All Defendants

In his complaint, Brown alleges the following in support of his RICO claim:

> During the ten (10) calendar years preceding March 13, 2014 A.D., [] all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. §

12

1962(d).

(Am. Compl. ¶ 66, ECF No. 10.)    Brown alleges that the Defendants committed RICO violations by "conspiring with the Board of Education and violating teacher tenure laws . . . [b]y having the same hearing officers hear more than one teacher tenure case, [and] by producing and or considering fraudulent documents as described previously." (*Id.*)

18 U.S.C. § 1964(c) authorizes civil suits for a violation of 18 U.S.C. § 1962. It provides, in pertinent part, that:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . .

18 U.S.C. § 1964(c). To establish a violation of Section 1962,[6] a plaintiff must show: "(1) that there were two or more predicate offenses; (2) that an 'enterprise' existed; (3) that there was a nexus between the pattern of racketeering activity and the enterprise; and (4) that an injury to business or property occurred as a result of the above three factors." *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th

---

[6] 18 U.S.C. § 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Cir. 2000), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

As to the first prong, RICO defines racketeering activity to include any act that is indictable under the predicate offenses listed in Title 18 of the United States Code. 18 U.S.C. § 1961; *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993)("Only those acts itemized in 18 U.S.C. § 1961(1) can constitute predicate offenses for RICO violations.") "A civil RICO action does not require that there be a prior criminal conviction for the conduct forming the predicate act; however, the conduct used to support a civil RICO action must be *indictable*. Thus, the plaintiff must prove each prong of the predicate offense, or 'racketeering activity,' to maintain a civil action under the RICO statute." *Cent. Distribs. of Beer, Inc. v. Conn*, 5 F.3d. 181, 183-84 (6th Cir. 1993)(citations and internal citations omitted), *vacated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). To survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts. *Id.*

Brown does not specify the predicate offenses upon which he relies to establish racketeering activity by the Defendants. Although Brown purports to state a general claim for fraud, (Am. Compl. ¶ 68, ECF No. 10), his allegations are not sufficient to

state any of the predicate offenses of wire fraud, 18 U.S.C. § 1243, or mail fraud, 18 U.S.C. § 1341. Elements of mail or wire fraud are: (1) scheme or artifice to defraud; (2) use of United States mail or wire or causing the use of such mail in furtherance of scheme; (3) and specific intent to deceive or defraud. *Cent. Distribs.*, 5 F.3d at 184.

Brown also asserts that the Defendants violated teacher tenure laws by "having the same hearing officers hear more than one teacher tenure case [and] by producing and or considering fraudulent documents." (Am. Compl. ¶¶ 66-69, ECF No. 10.) However, the violation of the Tennessee Teachers' Tenure Act does not constitute a predicate offense. *See* 18 U.S.C. § 1961(1). Accordingly, Brown has not pled two or more predicate offenses as required by 18 U.S.C. § 1962(c).

With no predicate offenses, it is clear that Brown cannot prove a nexus between the pattern of racketeering activity and the enterprise, the third element of his RICO claim. Therefore, Brown's complaint contains no factual allegations that support the elements of a civil RICO cause of action. There are no legal or factual allegations of a pattern of racketeering activity. Brown pleads no facts that would support a claim for two or more predicate offenses. Accordingly, it is recommended that Brown's RICO claim against all Defendants be dismissed for

failure to state a claim upon which relief may be granted.[7]

D.    Brown's Claims Under Tennessee Law

In his complaint, in addition to his RICO claim, Brown sets forth thirteen other claims under Tennessee law. Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. In the Sixth Circuit, the policy is that "'[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well.'" *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)). Brown's RICO action is the only cause of action that this court has original jurisdiction over. Because the court recommended dismissal of Brown's RICO claim, the court should decline to exercise supplemental jurisdiction over Brown's claims under Tennessee law. Accordingly, the court recommends that Brown's state law claims be dismissed.

III. ORDER ON BROWN'S MOTION FOR LEAVE TO FILE AN
AMENDED COMPLAINT

A.    Rule 15 Amendments

───────────────────

[7]Also, it is evident that Brown's RICO claim is based on the same facts and issues that he previously raised in the *Brown 1* complaint. Both actions arise out of the same transaction, i.e., Brown's administrative tenure hearing and his eventual termination. Therefore, Brown's instant claim is barred by the doctrines of res judicata and collateral estoppel. *See* discussion *infra*.

As an initial matter, Brown's amendment is not as a matter of course because it was filed more than twenty-one days after the service of the Defendants' motions to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). Nevertheless, Federal Rules of Civil Procedure Rule 15 provides that a party may amend its pleading with the court's leave, which should be freely given when justice so requires. In exercising its discretion under Rule 15(a), the court considers factors such as futility of amendments and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave to amend may be denied for futility if the pleading as amended could not withstand a motion to dismiss. *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(citation omitted); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Therefore, the court considers "whether [Brown's] proposed [] amended complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Williams v. Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014)(quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). In making this determination, the court employs the same standard as set forth *supra* Part II.B.

B.    <u>Brown's § 1983 Claims Against the SCBOE Defendants</u>

Brown seeks to amend his complaint to add a "newsome" claim

under 42 U.S.C. § 1983 and a § 1983 procedural due process claim against all Defendants. (Brown's Mot. for Leave to File Am. Compl. ¶¶ 109-113, ECF No. 34.) In support of his § 1983 procedural due process claim, Brown alleges that the Defendants deprived him of his property interest in his employment by violating Tenn. Code Ann. § 49-5-512's impartiality clause and by relying on falsified documents. (*Id.* ¶¶ 110-13.) Brown's § 1983 "newsome" claim is in fact also a due process claim, as he alleges that he had "the right under due process to be free from the fabrication of evidence against him[] [a]nd the withholding of exculpatory evidence, most notably the Plaintiff's TEM scores." (*Id.* ¶ 109.) The SCBOE Defendants oppose Brown's motion for leave to amend his complaint asserting that Brown's "proposed amendments asserting claims under Section 1983 have previously been adjudicated by this Court [and, thus] are barred by the doctrines of res judicata and collateral estoppel." (SCBOE Defs.' Resp. to Brown's Mot. for Leave to File Am. Compl. 5, ECF No. 41.)

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440

U.S. 147, 153 (1979)(internal quotation marks, ellipses & citation omitted). "Courts apply the doctrine of res judicata to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). To apply the doctrine of res judicata, or claim preclusion, four elements must be satisfied:

> 1. A final judgment on the merits in the first action by a court of competent jurisdiction;
>
> 2. The second action involves the same parties, or their privies, as the first;
>
> 3. The second action raises an issue actually litigated or which should have been litigated in the first action;
>
> 4. An identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

For purposes of res judicata, privity "means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders Confectionery Prods.*, 973 F.2d at 481 (citation omitted). "Thus to find privity for purposes of *res judicata*, a perfect identity of the parties is not required, only a substantial identity of

19

interests' that are adequately presented and protected by the first litigant." *Vanmeerbeeck v. M & T Bank*, 2:12-CV-11980, 2012 WL 2943400, at *4 (E.D. Mich. July 18, 2012)(citation and internal quotation marks omitted.); *see also Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1109 (6th Cir. 1981)(stating that privity is "a shorthand designation for those persons who have a sufficiently close relationship with the record parties to be bound by the judgment")(internal quotation marks omitted)).

In particular, "[t]he test for privity among the parties is met when the parties stand in an employer-employee relationship." *LG Sciences, LLC v. Putz*, 11-CV-10830, 2012 WL 1094336, at *5 (E.D. Mich. Mar. 30, 2012), *aff'd*, 511 F. App'x 516 (6th Cir. 2013)(citing *McCoy v. Michigan*, 2010 WL 841198, at *3 (6th Cir. 2010)). "[I]t is well settled that a principal-agent relationship satisfies the privity requirement of res judicata where the claims alleged are within the scope of the agency relationship." *Jefferson v. Ferrer, Poirot, & Wansbrough*, No. 3:10-0754, 2011 WL 3025894, at *4 (M.D. Tenn. July 25, 2011)(internal quotation marks omitted)(citing *ABS Industries, Inc. v. Fifth Third Bank*, 333 F. App'x 994, 999–1000 (6th Cir. 2009)). For res judicata purposes, privity exists between a party and its attorneys. *See Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000)(finding that the "law firm defendants appear by virtue of their activities as

representatives" of their clients, and thus there was privity between them).

To satisfy the third and fourth elements, "there must be an identity of the causes of action[,] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Wilson v. Strickland*, 333 F. App'x 28, 30 (6th Cir. 2009)(citing *Holder v. Cleveland*, 287 F. App'x 468, 470-71 (6th Cir. 2008)(internal quotation marks omitted). Moreover, "[w]here the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Holder*, 287 F. App'x at 471 (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)). "The term 'same cause of action' can encompass claims . . . that were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding." *Thomas v. Miller*, 329 F. App'x 623, 627 (6th Cir. 2009)(citing *Brown v. Felsen,* 442 U.S. 127, 131 (1979)(internal quotation marks omitted).

Under res judicata, the court's decision on *Brown 1* precludes Brown from relitigating his instant § 1983 due process claim against the SCBOE Defendants. As to the first prong, the federal district court for the Western District of Tennessee is a court of competent jurisdiction. Jurisdiction was proper

before the federal district court of Western District of Tennessee pursuant to 28 U.S.C. § 1331. Additionally, Judge May's decision was final because summary judgment is recognized as a final judgment for purpose of res judicata. *Mayer v. Distel Tool & Mach. Co.*, 556 F.2d 798, 798 (6th Cir. 1977)(stating that where "summary judgment had previously been granted in relation to a complaint reciting the same operative facts as are involved in the instant complaint," the action was barred by the doctrine of res judicata); *see also Fieger v. Corrigan*, 602 F.3d 775, 777 (6th Cir. 2010)("Litigants may not escape *res judicata's* preclusive finality merely by filing a new, identical case before the prior case becomes final."); *In re Horkins*, 153 B.R. 793, 797 (M.D. Tenn. Bkr. Ct. 1992)(stating that res judicata applied to judgments which were final for practical purposes).

The second prong of the res judicata doctrine is also satisfied. Brown includes as defendants in the second suit SCBOE attorneys Branch, Collins, Speakman, Barnes and SCBOE employee Allen. These defendants are in privity with SCBOE. *See McCoy*, 2010 WL 841198, at *3 (stating that there is privity among parties if they are in an employer-employee relationship).

The third and fourth requirements are also satisfied. In the *Brown 1* complaint, Brown asserted § 1983 procedural due process claims for the deprivation of his property and liberty

interests.  The *Brown 1* court held that summary judgment was appropriate on Brown's § 1983 procedural due process claim based on the deprivation of his property interest because "Brown was afforded a hearing before an impartial hearing officer" and Brown cited to no evidence that he was not afforded due process. *Brown 1,* 47 F. Supp. 3d at 680.  In the current complaint, Brown again raises a § 1983 due process claim alleging deprivation of his property interest in his employment.  While Brown's current § 1983 due process claim is based on his allegations that his TEM score was falsified and that Gibson was biased, both of these arguments were available to Brown when he instituted *Brown 1* and they should have been asserted in *Brown 1.*[8]  Both actions arise out of the same transaction, i.e., Brown's termination and his administrative tenure hearing.  All the factual allegations and issues raised in the present complaint were contained, almost verbatim, in the *Brown 1* complaint.  There are no other issues raised in the current complaint that do not pertain to Brown's termination and tenure hearing.  The two causes of action are identical and arise from the same facts.  Therefore, Brown is now barred from asserting the same cause of action in his present complaint.

---

[8]Nevertheless, the *Brown 1* court considered Brown's allegations that his TEM score was falsified and that Gibson was biased in the context of other causes of action. *See* discussion *infra*.

Accordingly, allowing Brown to amend his complaint to add a § 1983 procedural due process claim against the SCBOE Defendants would be futile because such claim is barred by the doctrine of res judicata.

B.  Brown's § 1983 Claims Against Gibson and Burch Porter

Brown's § 1983 due process claim against Gibson and Burch Porter is likewise futile because it would not survive a motion to dismiss.  As to Burch Porter, neither Brown's complaint nor his proposed amended complaint contains any allegations against Burch Porter.  In a section entitled "The Jef Feibelman Factor," Brown argues that Burch Porter did not have jurisdiction because "Jef Feibelman acting on behalf of Burch Porter had prior employment with Memphis City Schools."  (Brown's Mot. for Leave to File Am. Compl. ¶ 38, ECF No. 34.)  Further, Brown argues that "Burch Porter law firm has earned millions of dollars from the Memphis suburban cities and districts in Tennessee of Barlett [sic], Germantown, Lakeland, Arlington, Collierville etc. who hired Burch Porter to help prevent them from becoming part of the city school system." (*Id.* ¶ 31.) Not only do these statements fail to establish any wrongdoing on the part of Burch Porter, they are entirely irrelevant to the instant action.

Burch Porter's only connection with the present action is that Gibson is an attorney employed by Burch Porter.  However,

all of Brown's claims arise out of Gibson's role as the hearing officer at Brown's tenure hearing in which she upheld Brown's termination. The complaint and the proposed amended complaint contains no allegations that Burch Porter engaged in any wrongdoings, and therefore, Brown's § 1983 due process claim against Burch Porter fail to state a cause of action for which relief may be granted.

As to Gibson, this court's summary judgement decision in *Brown 1* has a preclusive effects on the issues raised in the present case. Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen*, 449 U.S. at 94. The doctrine of issue preclusion operates when four elements are met:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
>
> (2) determination of the issue must have been necessary to the outcome of the prior proceeding;
>
> (3) the prior proceeding must have resulted in a final judgment on the merits; and
>
> (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 908 (6th Cir. 2001)(citing *Smith v. SEC,* 129 F.3d 356, 362 (6th Cir.

1997)); *see also Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509 n.4 (6th Cir. 2007).

As to the first prong, in support of his § 1983 "newsome" and due process claims, Browns argues the following: (1) Brown's due process rights were violated because Gibson, among others, "produced a false Tem [sic] score of a '1' which resulted in the Plaintiff being terminated from his position, and (2) Brown's due process rights were violated because Gibson was not a "properly neutral decision maker" as required by Tenn. Code Ann. § 49-5-512. (Brown's Mot. for Leave to File Am. Compl. ¶¶ 109-13, ECF No. 34.) The *Brown 1* court was faced with these precise issues. *See Brown 1*, 47 F. Supp. 3d at 676 (considering Brown's assertion that the SCBOE falsified his TEM scores) & *Brown 1*, 47 F. Supp. 3d at 688 (considering Brown's assertion that Gibson was impartial). As a result, the first element of issue preclusion is satisfied.[9]

The second prong is also satisfied. As to Brown's falsification claim, the court in *Brown 1* held that the evidence presented by Brown did not support his falsification theory. *Brown 1*, 47 F. Supp. 3d at 676 ("The change in scores is not

---

[9]Brown also asserts that because Gibson was not neutral, she acted in clear absence of jurisdiction. (Brown's Mot. for Leave to File Am. Compl. ¶ 111, ECF No. 34.) Brown advances no legal support for this assertion, and nevertheless, as discussed herein, Brown is precluded from relitigating the issue of Gibson's neutrality.

evidence of falsification."). This determination was necessary to the *Brown 1* court's holding that SCBOE was entitled to summary judgment on Brown's Title VII retaliation claim. *Id.* at 675-76 (stating that the "change in scores is not evidence of falsification," and therefore, Brown failed to present evidence that SCBOE's proffered reasons for his termination were pretextual).

The *Brown 1* court also rejected Brown's argument that Gibson, the hearing officer, was partial because she had "served as the hearing officer for . . . several other teachers." *Brown 1*, 47 F. Supp. 3d at 688. The *Brown 1* court granted SCBOE's motion for summary judgment finding that Brown did "not cite any evidence that the hearing officer was ever an employee of the SCBOE or that she was otherwise partial within the meaning of § 49-5-512." *Id.* This determination was necessary to the *Brown 1* court's holding that SCBOE was entitled to summary judgment on Brown's § 1983 property interest claim and Brown's Tennessee Teacher Tenure Act claim. *See id.* at 679-80, 688. Therefore, the second element to issue preclusion is satisfied.

The third prong is also satisfied because "summary judgment is recognized as a final judgment for the purpose of issue preclusion." *Natl's Satellite Sports, Inc.*, 253 F.3d at 910 (citing *Mayer*, 556 F.2d at 798).

Turning to the final element, Brown had a full and fair opportunity to litigate these particular issues before the *Brown 1* court. In fact, Brown relitigated, and the *Brown 1* court rejected Brown's falsification argument more than once. In a motion for sanctions filed on October 31, 2014, Brown again alleged that SCBOE had provided false documents, i.e. TEM scores, to the court. *See* Brown's Motion for Sanctions Against SCBOE, Brown v. Bd. of Educ. of the Shelby Cnty Sch., No. 2:13-cv-02586-SHM-dkv (W.D. Tenn. Oct. 31, 2014), ECF No. 75. On November 14, 2014, the Magistrate Judge denied Brown's motion rejecting Brown's argument that the TEM scores had been falsified and the presiding District Judge affirmed. *Id.* at ECF Nos. 85, 98.

For these reasons, Brown is now precluded from relitigating issues decided by the court in *Brown 1*.

C.   Brown's Tennessee Law Claims

In his proposed amended complaint, in addition to his § 1983 claims, Brown sets forth two other claims under Tennessee law. As discussed *supra*, the court recommended that Brown's sole federal law claim asserted in his complaint, i.e. the RICO claim, be dismissed for failure to state a claim. The court also denied Brown's motion to amend his complaint with respect to his § 1983 due process claim finding that such claim is barred by the doctrines of res judicata and collateral estoppel.

Because Brown's federal law claims fail to state a claim under which relief may be granted, the court declines to exercise supplemental jurisdiction over Brown's proposed claims under Tennessee law. *Rothe*, 577 F.3d at 709 (6th Cir. 2009)("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)). Accordingly, the court denies in full Brown's motion to amend his complaint.

### IV. BROWN'S MOTION TO ATTACH DVD OF BROWN TEACHING TO THE PROPOSED AMENDED COMPLAINT

On May 5, 2015, Brown filed a motion to attach a DVD to his proposed amended complaint, depicting Brown teaching lessons. (ECF No. 35.) Having denied Brown's motion to amend his complaint, the court denies as moot Brown's motion to attach a DVD to his proposed amended complaint.

It is clear that Brown, discontented with the judgment of the first suit, is merely using the present suit to relitigate what has already been determined. In fact, Brown continues to file identical motions on both of his pending suits before the court. Brown also filed a motion to attach the same DVD in his *Brown 1* suit, which the court denied. *See* Order Denying Brown's Request to Submit DVD, Brown v. Bd. of Educ. of the Shelby Cnty Sch., No. 2:13-cv-02586-SHM-dkv (W.D. Tenn. July 1, 2014), ECF No. 56. Additionally, on June 19, 2015, Brown filed a motion in

his *Brown 1* suit, asking the court to reconsider summary judgement based on the argument that Gibson did not have jurisdiction. Brown's Motion to Revisit Summary Judgment, Brown v. Bd. of Educ. of the Shelby Cnty Sch., No. 2:13-cv-02586-SHM-dkv (W.D. Tenn. June 19, 2015), ECF No. 109. As discussed above, Brown makes that same argument in his proposed amended complaint. Further, as Gibson & Burch Porter point out, public records show that Brown has a history of filing vexatious lawsuits,[10] of which the court may take judicial notice. *See*

---

[10]These suits include: (1) *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 549 (6th Cir. 2012)(per curiam)(affirming the dismissal of Plaintiff's suit in which he asserted thirteen claims against fourteen corporate defendants and holding that the magistrate judge did not abuse her discretion in assessing fees against Plaintiff for his discovery violations); (2) *Brown v. Gossett Kia-Hyundai S.*, No. W2013-01415-COA-R3CV, 2013 WL 6403070, at *2 (Tenn. Ct. App. Dec. 5, 2013)(dismissing an appeal by Plaintiff for lack of jurisdiction in a case where Plaintiff demanded $18 million in damages after receiving an allegedly misleading piece of mail from an automobile dealership); (3) *Brown v. AutoZone, Inc.*, No. W2012-01255-COA-R3CV, 2013 WL 2145975, at *1-2 (Tenn. Ct. App. May 15, 2013)(affirming summary judgment for AutoZone in a case where Plaintiff sought $175 million in damages after buying an engine additive that he claimed was defective); (4) *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 43 (Tenn. Ct. App. 2013)(affirming a directed verdict in favor of Christian Brothers University in a case where Plaintiff demanded a total of $1.3 billion in damages after a minor run-in with a campus security officer); (5) *Brown v. Mapco Express, Inc.*, 393 S.W.3d 696, 709-10 (Tenn. Ct. App. 2012)(affirming summary judgment for defendant in a case involving an argument over a $20 bill at a gas station and assessing costs against Plaintiff); (6) *Brown v. Shappley*, 290 S.W.3d 197, 203 (Tenn. Ct. App. 2008)(affirming dismissal of Plaintiff's complaint against a doctor on res judicata grounds and noting that "Mr. Brown's attempt to litigate his medical

*Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 936 n.4 (6th Cir. 2013).

## V. CONCLUSION

For the foregoing reasons, it is recommended that the Defendants' motions to dismiss Brown's complaint be granted in full and that Brown's claims be dismissed as to all Defendants for failure to state a claim upon which relief can be granted and lack of subject-matter jurisdiction.

In addition, Brown's motion to amend his complaint is denied and Brown's motion to attach the DVD is denied as moot.

IT IS SO ORDERED this 29th day of June, 2015.


<u>s/ Diane K. Vescovo</u>
Diane K. Vescovo
United States Magistrate Judge



NOTICE
Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14)

---

malpractice claim in the general sessions court after the circuit court had awarded summary judgment to Dr. Shappley may be perceived as an attempt at an end-run around the system"); and (7) *Brown v. Shappley*, No. W2006-01632-COA-R3CV, 2007 WL 596672, at *2-3 (Tenn. Ct. App. Feb. 27, 2007)(affirming summary judgment for a doctor in a case involving an allegedly botched "touch-up circumcision" (internal quotation marks omitted)).

days may constitute a waiver of objections, exceptions, and further appeal.