# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KIM BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BURCH, PORTER, & JOHNSON PLLC | ) |
| LAW FIRM, TANNERA GEORGE | ) |
| GIBSON, MEMPHIS CITY SCHOOLS, | )   No. 15-2167 |
| BOARD OF EDUCATION OF SHELBY | ) |
| COUNTY SCHOOLS, VALERIE | ) |
| SPEAKMAN, JENNIFER COLLINS, | ) |
| CELCIA BARNES, TOMEKA ALLEN, | ) |
| CHERYL RUMAGE ESTES, KENNETH | ) |
| M. WALKER, LEWIS THOMASON LAW | ) |
| FIRM, PLLC, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's June 29, 2015 Report and Recommendation (the "Report"). (Report and Rec., ECF No. 43.) First, the Report recommends that the Court grant the April 3, 2015 Motion to Dismiss by Defendants Tannera George Gibson ("Gibson") and Burch, Porter & Johnson PLLC ("Burch Porter"). (Mot., ECF No. 22.) Second, the Report recommends that the Court grant the April 13, 2015 Motion to Dismiss by Defendants Memphis City Schools and Board of Education of Shelby

County Schools (together, "SCBOE"), Valerie Speakman ("Speakman"), Jennifer Collins ("Collins"), Celcia Barnes ("Barnes"), and Tomeka Allen ("Allen"). (Mot., ECF No. 26.) Third, the Report recommends that the Court deny Plaintiff Kim Brown's ("Brown") May 15, 2015 Motion to Amend his amended complaint and his Motion to Attach a DVD to the complaint. (Mot., ECF No. 34; Mot., ECF No. 35.)

For the following reasons, the Magistrate Judge's Report is ADOPTED, and the case is DISMISSED.

**I. Background**

This case arises from Brown's termination by SCBOE on March 13, 2013. (Am. Compl., ECF No. 10 at 5.) Brown, a teacher, claims that the low evaluation metric scores used against him during the termination process were falsified or altered by SCBOE, its attorneys, and Principal Allen. (Id. at 5, 8-10.) Brown claims that Gibson, his termination hearing officer, failed to admit and weigh the evidence properly and was insufficiently impartial to satisfy the hearing requirements under Tennessee law. (Id. at 5-7.)

Brown previously brought a case arising from the same termination. On July 31, 2013, he filed a pro se complaint against SCBOE in the District Court for the Western District of Tennessee, Brown v. Bd. of Educ. of Shelby County Sch., 47 F. Supp. 3d 665 (W.D. Tenn. 2014) ("Brown 1"). In Brown 1, Brown

2

alleged sixteen counts against SCBOE, ranging from Title VII retaliation to libel to violations of the 1985 Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"). (Compl., ECF No. 1 in Brown 1.) SCBOE moved for summary judgment on March 24, 2014, and on July 1, 2014, the Magistrate Judge recommended that all claims be dismissed, with the exception of the COBRA claim. (Mot., ECF No. 12 in Brown 1; Report and Rec., ECF No. 59 in Brown 1.) On September 15, 2014, the Court adopted in full the Magistrate Judge's Report and Recommendation, dismissing all but the COBRA claim. (Order, ECF No. 65 in Brown 1.) SCBOE brought a second motion for summary judgment on November 25, 2014, on the COBRA claim, which the Magistrate Judge recommended granting. (Mot., ECF No. 94 in Brown 1; Report and Rec., ECF No. 107 in Brown 1.)

On March 10, 2015, while the Magistrate Judge's second Report and Recommendation was under review in Brown 1, Brown filed the complaint in this case. (Compl., ECF No. 1.) He amended his complaint a few days later on March 13, 2015. (Am. Compl., ECF No. 10.) In this case, he sets forth fourteen claims: (1) legal malpractice; (2) defamation/libel; (3) negligence; (4) breach of fiduciary duty; (5) aiding and abetting; (6) aiding and abetting breach of fiduciary duty; (7) unjust enrichment; (8) negligent misrepresentation; (9) violation of the Tennessee Teachers' Tenure Act, Tenn. Code Ann.

3

§ 49-5-512; (10) breach of covenant of good faith and fair dealing; (11) fraud; (12) civil RICO; (13) civil conspiracy; and (14) false light. (Am. Compl., ECF No. 10.)

Defendants Gibson and Burch Porter filed a Motion to Dismiss on April 3, 2015. (Mot., ECF No. 22.) On April 13, 2015, Defendants SCBOE, Speakman, Collins, Barnes, and Allen filed a Motion to Dismiss. (Mot., ECF No. 26.) Brown responded to the Gibson and Burch Porter Motion on May 15, 2015. (Resp., ECF No. 36.) Brown has not responded to the SCBOE Motion and the time to do so has passed. On May 15, 2015, Brown filed a Motion to Amend his amended complaint and a Motion to Attach a DVD to the proposed new complaint. (Mot., ECF No. 34; Mot., ECF No. 35.)

On June 23, 2015, while the above Motions were under review by the Magistrate Judge in this case, Brown filed a Motion to Nonsuit with prejudice in Brown 1, and that case was dismissed on July 14, 2015. (Mot., ECF No. 111 in Brown 1; Order, ECF No. 121 in Brown 1; J., ECF No. 122 in Brown 1.) When Brown filed his Motion to Nonsuit in Brown 1, only his COBRA claim remained.

The Magistrate Judge filed her Report on June 29, 2015. (Report and Rec., ECF No. 43.) Brown subsequently entered a notice of nonsuit against Defendant Barnes on July 8, 2015, and notices of nonsuit against Defendants Speakman and Collins on July 9, 2015. (Barnes Notice, ECF No. 44; Speakman Notice, ECF

4

No. 46; Collins Notice, ECF No. 47.) Defendants Barnes, Speakman, and Collins have been dismissed. (Barnes Order, ECF No. 45; Speakman Order, ECF No. 46; Collins Order, ECF No. 47.) The remaining defendants are Gibson, Burch Porter, SCBOE, and Allen.

On July 13, 2015, Defendants Gibson and Burch Porter filed an objection to the Report, and Defendants Allen and SCBOE filed an objection to the Report. (Gibson Obj., ECF No. 57; SCBOE Obj., ECF No. 59.) Brown objected to the Report on July 10, 2015, and July 13, 2015, in two Motions for the Magistrate Judge to be Recused. (Mot., ECF No. 51; Mot., ECF No. 53.) On July 10, 2015, Brown also filed a declaration claiming that he had never received notice of the SCBOE Motion, so that the Report's recommendation to grant that Motion should not be adopted. (Decl., ECF No. 52.) On July 13, 2015, Brown filed an objection attacking the substance of the Report more generally. (Obj., ECF No. 55.)

The Motions for the Magistrate Judge to be Recused were denied on September 15, 2015. (Order, ECF No. 63.)

**II. Jurisdiction**

Brown relies on diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a). (Am. Compl., ECF No. 10 at 1.) Brown misunderstands the nature of diversity jurisdiction. Under 28 U.S.C. § 1332(a) this Court has original jurisdiction of all

5

civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs". Brown asserts that he and all named Defendants are citizens of Tennessee. (Id. at 1-3.) The parties are not completely diverse, and diversity jurisdiction is not proper.

One of Brown's claims is that the Defendants violated the RICO Act, 18 U.S.C. § 1962. The Court, therefore, has federal question jurisdiction under 28 U.S.C. § 1331. That is the only federal law violation Brown alleges in his complaint, but the Court has supplemental jurisdiction over Brown's state law claims under 28 U.S.C. § 1367 because they derive from a "common nucleus of operative fact." See 28 U.S.C. § 1367; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

### III. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the

6

evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009). Parties cannot validly object to a magistrate's report without explaining the source of the error. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of

7

legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950

"Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should

therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, and "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading.'" Brown v. Matauszak, 415 Fed. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975) (alteration in original)). In short, "[n]either [the circuit] nor the district court is required to create [the Plaintiff's] claim for her." Payne v. Sec'y of Treas., 73 Fed. App'x 836, 837 (6th Cir. 2003).

**IV. Analysis**

**A. Brown's RICO Claim**

Brown alleges that the Defendants collectively committed RICO violations by "conspiring with the Board of Education and violating teacher tenure laws, . . . [b]y having the same hearing officers hear more than one teacher tenure case, [and] by producing and or considering fraudulent documents as described previously." (Am. Compl., ECF No. 10 at 22.)

Brown has failed to plead the essential elements of his RICO claim. The Sixth Circuit has held that:

> In order to prove a violation of [the RICO] Act, the plaintiffs must show 1) that there were two or more predicate offenses; 2) that an 'enterprise' existed;

9

3) that there was a nexus between the pattern of racketeering activity and the enterprise; and 4) that an injury to business or property occurred as a result of the above three factors.

VanDenBroeck v. CommonPoint Mortg. Co., 210 F.3d 696, 699 (6th Cir. 2000). As the Magistrate Judge correctly observes in her Report, Brown fails to satisfy the first element because he has alleged no specific predicate offenses. (Report and Rec., ECF No. 43 at 14.)

"Only those acts itemized in 18 U.S.C. § 1961(1) can constitute predicate offenses for RICO violations." Frank v. D'Ambrosi, 4 F.3d 1378, 1385 (6th Cir. 1993). "[T]he plaintiff must prove each prong of the predicate offense . . . to maintain a civil action under the RICO statute." Cent. Distribs. of Beer, Inc. v. Conn, 5 F.3d 181, 183-84 (6th Cir. 1993). To survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts. Id. Brown makes general claims of fraud and violations of teacher tenure laws. Those claims, even if true and construed liberally, are not predicate offenses itemized under § 1961(1).

As the Magistrate Judge correctly observes in her Report, even if Brown's RICO claim had merit, it would be barred by the doctrine of res judicata because it is based on the same facts and issues he raised in Brown 1. (Report and Rec., ECF No. 43

at 16 n. 7). Brown's RICO claim against all Defendants is properly dismissed.

Brown's claim about notice is unpersuasive. On July 10, 2015, Brown filed a declaration stating that he had not received notice of the SCBOE Motion and relying on the purported lack of notice in arguing against the adoption of the Magistrate Judge's Report. (Decl., ECF No. 52.) The Certificate of Service and Notice of Electronic Filing demonstrate that Brown received notice of the SCBOE Motion by email on April 13, 2015. (Mot., ECF No. 26 at 3.) Brown consented to receive notice of electronic filings, like the SCBOE Motion, through his email address in his March 10, 2015 signed agreement. (Notice, ECF No. 5.) He received notice of the Gibson and Burch Porter Motion without issue through the same email address. (Mot., ECF No. 22.) Brown's argument that he did not receive notice of the SCBOE Motion is not persuasive. On July 13, 2015, Brown filed objections to the Report's recommendation that the SCBOE Motion be granted. (Notice, ECF No. 55; Notice, ECF No. 56; Obj., ECF No. 57.) Brown's RICO claims are properly dismissed.

**B. Brown's Tennessee Law Claims**

The remainder of Brown's complaint alleges violations of Tennessee law. "'If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.'" Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009) (quoting

11

Wojnicz v. Davis, 80 Fed. App'x 382, 384-85 (6th Cir. 2003)). That is not a firm rule, but "'[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues.'" Harper v. AutoAlliance Intern., Inc., 392 F.3d 195, 211 (6th Cir. 2004) (quoting Landefeld v. Marion General Hosp., Inc., 994 F.2d 1178, 1182 (6th Cir. 1993)).

Defendants argue in their objection that resolving Brown's remaining claims in this case does not require broaching delicate or unsettled issues of Tennessee law. Much like the RICO claim, they argue, the Tennessee law claims fail as a matter of res judicata and collateral estoppel and should be dismissed with prejudice. (Obj., ECF No. 57 at 1; Obj., ECF No. 59 at 4.)

Tennessee law, like federal law, "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." Creech v. Addington, 281 S.W.3d 363, 376 (Tenn. 2009). To act as a bar to subsequent litigation, Tennessee requires that the prior judgment "(1) was final, (2) was on the merits, . . . (3) involved the same cause of action," and (4) features "the same parties or their privies." Id. at 376-77. Unlike federal law, under Tennessee

law a "'judgment is not final [for purposes of] res judicata where an appeal is pending.'" Id. at 377 (quoting McBurney v. Aldritch, 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991)). Brown has appealed Brown 1. (Notice, ECF No. 123 in Brown 1.) Given that Brown 1 would not qualify as "final" for purposes of res judicata and collateral estoppel under Tennessee law, it would be inappropriate to dismiss Brown's state claims with prejudice. Because they are better handled by the courts of Tennessee, the Court declines to exercise supplemental jurisdiction over those claims.

**C. Brown's Motion for Leave to Amend**

Brown is not permitted to amend as a matter of course, because his proposed amendment was filed more than twenty-one days after service of the Defendants' Motions. Fed. R. Civ. P. 15(a)(1)(B). When amendment is no longer permitted as a matter of course, Federal Rule of Civil Procedure 15(a)(2) allows a party to amend his pleading only when he obtains the opposing party's written consent or leave of court. The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although leave to amend should be freely given, when "deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, and futility of amendment." Brumbalough v. Camelot Care

13

Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005). "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which a court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." Foman v. Davis, 371 U.S. 178, 182 (1962). Brown's proposed amendment is futile and properly denied.

Brown seeks to include new claims against all Defendants under 42 U.S.C. § 1983. (Mot., ECF No. 34 at 30-31.) As the Defendants point out in their response, and the Magistrate Judge says in her Report, those federal claims are barred by res judicata and collateral estoppel or issue preclusion, based on Brown 1. (Resp., ECF No. 41 at 5.; Report and Rec., ECF No. 43 at 18.)

The § 1983 claims against SCBOE and its employees are barred by res judicata. For res judicata to apply, the following elements must be present:

> '(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.'

Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776 (6th Cir. 2009) (quoting Bittinger v. Tecumseh Products Co., 123 F.3d 877, 880 (6th Cir. 1997)). Brown 1, decided on summary judgment, is a

final decision on the merits. Mayer v. Distel Tool & Mach. Co., 556 F.2d 798, 798 (6th Cir. 1977). SCBOE was the defendant in Brown 1, and is in privity with the SCBOE employee Defendants in this case. See McCoy v. Michigan, 2010 WL 841198 at *3 (6th Cir. 2010). The § 1983 arguments Brown attempts to raise were available when he instituted Brown 1 and should have been asserted in that case. The proposed § 1983 cause of action arises from the "same transaction" as Brown 1: Brown's termination and administrative tenure hearing. Holder v. Cleveland, 287 Fed. App'x 468, 471 (6th Cir. 2008). Brown's § 1983 claims against SCBOE and its employees are barred by res judicata. They would not survive a motion to dismiss.

The § 1983 claims against Burch Porter also would not survive a motion to dismiss. Neither the operative complaint nor the proposed amended complaint contains any allegations against Burch Porter. As the Magistrate Judge correctly observes, Burch Porter's only connection with the present action is that Gibson is an attorney employed by Burch Porter. (Report and Rec., ECF No. 43 at 25.) All of Brown's claims against Burch Porter arise from Gibson's role as the hearing officer at Brown's tenure hearing. Brown has made no allegations that Burch Porter engaged in any conduct that would support a § 1983 claim against it. Brown's proposed § 1983 claim against Burch

15

Porter fails to state a cause of action for which relief may be granted.

The remaining § 1983 claim against Gibson is barred by issue preclusion. Brown argues that Gibson contributed to the production of false evaluation scores and was not the neutral decision maker required under Tennessee law. (Mot., ECF No. 34 at 30-31.) Those issues were decided in Brown 1. A prior decision has preclusive effect on an issue raised in a later case if:

> '(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.'

Nat'l Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 908 (6th Cir. 2001) (quoting Smith v. SEC, 129 F.3d 356, 362 (6th Cir. 1997)).

Brown 1 decided that "[t]he change in scores is not evidence of falsification" and that Brown did "not cite any evidence that [Gibson] . . . was otherwise partial." Brown 1, 47 F. Supp. 3d at 676, 688. Those determinations were necessary to the court's holding that SCBOE was entitled to summary judgment on Brown's Title VII and § 1983 claims. The disposition of Brown 1 by summary judgment qualifies as a final

judgment on the merits. Nat'l Satellite Sports, Inc., 253 F.3d at 910. Brown, as the plaintiff in Brown 1, had a full and fair opportunity to litigate these issues. Brown is now precluded from relitigating them. Brown's proposed amendment to add a § 1983 claim against Gibson would be futile.

Brown also seeks to amend his complaint to set forth additional claims under Tennessee law. For the reasons stated above, the Court declines to exercise supplemental jurisdiction over Brown's proposed state law claims because all his federal law claims have been dismissed. The Court denies in full Brown's Motion to Amend his complaint.

### D. Brown's Motion to Attach DVD

Brown moves to attach to his proposed amended complaint a DVD that depicts him teaching, which he contends is evidence of the baselessness of his termination. (Mot., ECF No. 35.) Having denied Brown's Motion to Amend his complaint, the Motion to Attach is denied as moot.

### V. Conclusion

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED, and Brown's and Defendants' objections are DENIED. Defendants' Motions to Dismiss are GRANTED. Brown's federal law claims are dismissed as to all Defendants for failure to state a claim upon which relief can be granted. The Court declines to exercise supplemental jurisdiction over Brown's state law

17

claims, which are DISMISSED without prejudice. Brown's Motion to Amend is DENIED, and his Motion to Attach DVD is DENIED as moot.

The case is DISMISSED.

So ordered this 30th day of September, 2015.

                                  /s Samuel H. Mays, Jr.
                                  SAMUEL H. MAYS, JR.
                                  UNITED STATES DISTRICT JUDGE